**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:

GREYSTONE STAFFING, INC.,

Debtor.
-------------------------------------------------------------X

Chapter 11

Case No.: 10-76213-reg

### ORDER ON EMERGENCY BASIS (I) AUTHORIZING THE DEBTOR TO FACTOR ITS RECEIVABLES PURSUANT TO SECTIONS 363 AND 364 OF THE BANKRUPTCY CODE ON A FIRST PRIORITY SECURED BASIS, AND (II) AUTHORIZING THE CONTINUED USE OF CASH COLLATERAL PURSUANT TO SECTIONS 105, 361, AND 363 OF THE BANKRUPTCY CODE THROUGH AUGUST 18, 2010

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtor and debtor-in-possession (the "Debtor") for an Order authorizing the Debtor to continue to factor its receivables with Prestige Capital Corporation ("Prestige") pursuant to Sections 363 and 364 of Title 11 of the United States Code (the "Bankruptcy Code") on a first priority secured basis; and upon the emergency hearing held on August 12, 2010; and the Court having found that (i) the notice of the emergency hearing on the Motion was adequate and proper under the circumstances of the case; (ii) the requirements of Local Bankruptcy Rule 9013 that a separate memorandum of law be filed in support of the Motion is waived; (iii) good and sufficient cause exists for granting the Motion on an emergency basis to the extent set forth herein, to prevent immediate and irreparable harm to the Debtor's estate; (iv) it appearing that immediate need exists for the Debtor to continue to factor its receivables pursuant to the terms and conditions of the pre-petition factoring agreement dated February 22, 2008 (the "Factoring Agreement") with Prestige (a copy of which is annexed to the Motion ~~hereto~~ as Exhibit "A"); (v) it appearing the Debtor is

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

unable, pursuant to sections 364(a), (b) or (c) of the Bankruptcy Code, to obtain sufficient unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense or on a non-priority secured basis; (vi) it appearing that the terms and conditions upon which Prestige is willing to factor the Debtor's receivables, as reflected in this Order and the Factoring Agreement, are fair and reasonable, and Prestige has acted in good faith in connection with the factoring of receivables hereunder; and (vii) all objections, if any, to the Motion having been withdrawn, overruled, or otherwise resolved and upon the consent of the Internal Revenue Service; it is hereby

**ORDERED**, that the Motion is granted, on an emergency interim basis, subject to the provisions of this Order; and it is further

**ORDERED**, that the factoring on an emergency basis of the Debtor's receivables represented by invoices for goods or services provided on or before July 31, 2010 (the "Emergency Receivables") pursuant to the Factoring Agreement is hereby approved; and it is further

**ORDERED**, that the Debtor is hereby authorized to factor the Emergency Receivables in the manner and to the extent provided in the Factoring Agreement, and to execute and enter into any related instruments, documents and agreements necessary in connection with implementation thereof; and it is further

**ORDERED**, that Prestige is authorized, on a discretionary basis, to purchase the Emergency Receivables and to make related advances and/or financial accommodations to the Debtor under the Factoring Agreement; and it is further

**ORDERED**, that the Debtor shall be authorized to use the proceeds of the factoring of the Emergency Receivables and other cash on hand in the ordinary course of its business through August 18, 2010; and it is further

**ORDERED**, that all indebtedness, rights and obligations under the Factoring Agreement in favor of Prestige arising pursuant to the purchase of the Emergency Receivables shall be, and hereby are secured by a first priority security interest in favor of Prestige pursuant to sections 363, 364(c)(2) and 364(d)(1) of the Bankruptcy Code in and upon the Emergency Receivables and their proceeds, senior to any and all other security interests therein; and it is further

**ORDERED**, that the security interests granted to Prestige in this Order are subordinate to any rights to payment of statutory fees of the United States Trustee pursuant to 28 U.S.C. § 1930(a); and it is further

**ORDERED**, that any security interests of the Internal Revenue Service existing prior to, as of, or after the Petition Date with regard to the Emergency Receivables and their proceeds, are subordinated to the security interests of Prestige; and it is further

**ORDERED**, that the post-petition purchase and sale of the Emergency Receivables hereunder is in good faith and Prestige is entitled to the protection of Section 363(m) of the Bankruptcy Code; and it is further

**ORDERED**, that the credit and financial accommodations to be extended by Prestige hereunder are being extended by Prestige in good faith and Prestige is entitled to the protections of Section 364(e) of the Bankruptcy Code; and it is further

**ORDERED**, that the security interests granted herein shall be deemed valid, binding, enforceable and perfected upon entry of this Order and Prestige shall not be required to file any

financing statement, notice of lien, or similar document or take any other action in order to validate or perfect any security interests granted hereunder; and it is further

**ORDERED**, that any sales to Prestige under the Factoring Agreement of the Emergency Receivables that constitute actual sales, as opposed to grants of security interests only, shall be free and clear of any liens, claims or interests therein; and it is further

**ORDERED**, that in the event of a conflict between the language in the Factoring Agreement and this Order, the terms of this Order shall prevail; and it is further

**ORDERED**, that, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, the effectiveness of this Order shall not be stayed and this Order shall be effective immediately; and it is further

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order; and it is further

**ORDERED**, that on August 17, 2010, at 2:00 p.m., or as soon thereafter as counsel can be heard, an interim hearing will be held on the Motion before the Honorable Robert E. Grossman, the United States Bankruptcy Judge assigned to this bankruptcy case, in his courtroom at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, for the Debtor to seek additional relief on an interim basis as set forth in the Motion through the conclusion of a final hearing to be further scheduled; and it is further

**ORDERED**, that service of a copy of this Order by express mail or overnight delivery service, on or before August 13, 2010 upon: (i) the Office of the United States Trustee for the Eastern District of New York (the "U.S. Trustee"); (ii) the Internal Revenue Service, the U.S. Attorney for the Eastern District of New York, and the Department of Justice; (iii) the New York

4

State Department of Taxation and Finance, Eastern District Office and the New York State Attorney General; (iv) the creditors scheduled by the Debtor as holding the 20 largest claims against the estate; and (v) any party that filed a notice of appearance in Debtor's case, shall constitute good and sufficient notice of the Motion and the interim hearing; and it is further

**ORDERED**, that objections, if any, shall be in writing, shall specify the basis for such objections, shall identify the name of the objecting party and the basis and nature of its claims against the Debtor and shall be filed with the clerk of the Court and served upon: (i) counsel for the Debtor, McBreen & Kopko, 500 North Broadway, Suite 129, Jericho, New York 11753, Attention: Kenneth A. Reynolds, Esq.; (ii) counsel for Prestige, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, P.O. Box 9194, Garden City, New York 11530, Attention: Thomas R. Slome, Esq. and (iii) the Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, so that objections to the Order are received no later than August 17, 2010 at 12:00 p.m.

Dated: Central Islip, New York
       August 12, 2010

                                                     ***/s/ Robert E. Grossman***
                                                     HONORABLE ROBERT E. GROSSMAN
                                                     UNITED STATES BANKRUPTCY JUDGE